## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **Z. M-D b/n/f THERESE MENZIA,** | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | **Case No. 1:19-CV-991-LY** |
| | § | |
| **AUSTIN INDEPENDENT SCHOOL** | § | |
| **DISTRICT,** | § | |
| *Defendant* | § | |

## ORDER

On February 11, 2021, after a hearing, the Court granted Defendant's Expedited Motion to Compel Discovery Responses and awarded Defendant its necessary and reasonable attorneys' fees and costs incurred in preparing the Motion to Compel, pursuant to Fed. R. Civ. P. 37(a)(5)(A).[1] Dkt. 44. The Court further ordered Defendant to submit an accounting to the Court detailing its fees and costs. *Id.* On February 25, 2021, Defendant submitted its accounting and supporting affidavit requesting a total of $1,388.47 in fees, costs and expenses. Dkt. 46 & 46-1. Plaintiff did not file a response in opposition to the accounting.

## I.     Analysis

Courts use the "lodestar method" to calculate an appropriate fee award. *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). The lodestar amount is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for the work. *Id.* There is a strong presumption that the lodestar

---

[1] Rule 37(a)(5)(A) provides, in pertinent part: "If the motion [for an order compelling disclosure or discovery] is granted—or if the disclosure or requested discovery is provided after the motion was filed— the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

figure is reasonable. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). After calculating the lodestar amount, a court may enhance or decrease the amount of fees based on the factors set forth in *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).[2] The party seeking fees has the burden to show the reasonableness of the hours billed and the exercise of reasonable billing judgment. *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996).

## A.  Hourly Rates

To establish the reasonable hourly rate, the trial court must look to the prevailing market rates in the relevant community. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011). Defendant seeks an hourly rate of $180 for lead attorney Amy Demmler, and an hourly rate of $225 for attorney Johnathan Brush. Dkt. 46-1 ¶ 7. Demmler submitted an affidavit in support of the application in which she states that these hourly rates are "well below the usual and customary attorneys' fee rates charge by attorneys of similar experience in similar cases in Austin and Houston, Texas." *Id.* Demmler's affidavit provides detailed information on both attorneys' practices and years of legal experience. *Id.* ¶¶ 2-4. Brush has been practicing since 2004, and Demmler since 2014.

The Court finds that the hourly billing rates are reasonable for their respective markets as they are at or below the market rate. *See Am. Acad. of Implant Dentistry v. Parker,* Cause No. AU-14-

---

[2] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

CA-00191-SS, 2018 WL 401818, at *4 (W.D. Tex. Jan. 11, 2018) (approving hourly rate of $275 and $375); *Medina v. Fed. Janitorial Serv.*, No. EP-12-CV-350-PRM, 2013 WL 8480147, at *6 (W.D. Tex. Sept. 24, 2013) (stating that court may rely on prior decisions and knowledge of prevailing market rates); *Black v. Pan Am. Labs.*, LLC, No. A-07-CV-924-LY, 2012 WL 12950044, at *5 (W.D. Tex. Feb. 15, 2012) (approving hourly rate of $200 and $300).

**B.  Time Expended**

Next, the Court reviews the time records to determine whether the hours expended on the case are reasonable. The reasonable number of hours is determined by eliminating duplicative, unproductive, excessive or otherwise unnecessary hours. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). "In an effort to allay any argument plaintiffs may make with respect to specific billing entries being unnecessary or unreasonable," Defendant removed most entries that reflect Brush's time spent editing and revising the Motion to Compel, as well as his time attending the hearing. Dkt. 46-1 ¶ 8. In addition, Defendant applied a 15% reduction to the total amount of fees sought. Demmler seeks compensation for 8.7 hours for the Motion to Compel and hearing, and Brush seeks to be compensated for .3 hours for the Motion to Compel. Dkt. 46.1 at 4-5. The Court finds the time expended on the Motion to Compel and hearing to be reasonable.

**C.  Computation of the Lodestar Amount**

Multiplying 8.7 hours by the reasonable hourly rate of $181.44, the lodestar amount for Demmler is $1566.00, and the loadstar amount for Brush is $67.50, for a total amount of $1,633.50. Defendant has reduced that amount by 15% for a total of $1,388.47. The Court finds that the base lodestar amount adequately takes into consideration the *Johnson* factors, and no further adjustment is warranted. *See Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006).

## II.     Conclusion

Based on the foregoing, the Court **AWARDS** Defendant attorneys' fees and costs under Fed. R. Civ. P. 37(a)(5)(A) in the amount of $1,388.47.

The Court **FURTHER ORDERS** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

**SIGNED** on March 5, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE